Agnes, A. J.
1. This is a civil action that was tried to a juiy on August 23, 2004 on the basis of a complaint alleging unlawful sex-based discrimination and unlawful handicapped-based discrimination in violation of G.L.c. 15 IB, and a wage claim under G.L.c. 149, § 150. The handicap discrimination claim was resolved in the defendant’s favor at the close of the plaintiffs case. On August 26, 2004, the jury returned a verdict in favor of the defendant on the sex discrimination claim and awarded the plaintiff $3,640 on the wage claim (count six).
2. For the reasons set forth in the plaintiffs Memorandum of Law at 2, earned vacation time is treated as wages under G.L.c. 149, §148.
3. With regard to the issue of whether an award of damages representing unpaid wages must be trebled by the terms of G.L.c. 149, §150 (authorizing an employee to file suit for a violation of G.L.c. 149, §148 and stating that “any damages incurred, including treble damages for any loss of wages and other benefits ...”), I follow the reasoning of this court in Parrow v. Howard, Middlesex Superior Court No. 02-1403, 17 Mass. L. Rptr. 149 (11/12/2003) (Graham, J.). In Parrow, the court observed that
whether such an award is mandatory or discretionary need not be addressed here. That issue is irrelevant because this court concludes that, even if discretionary, treble damages are warranted. Although the actions of the defendants cannot be described as outrageous and stemming from an evil motive, their actions were willfully indifferent to the Plaintiffs’ rights.
Id. at 3. Accordingly, the judgment on count six in this case should be $10,920.00
4. With regard to the matter of attorneys fees, §150 also provides for an award of “reasonable attorneys fees.” The law is settled that the attorneys fees awarded in such circumstances need not be a fraction of the damage award and may exceed the damage award. The plaintiff has attached to her Memorandum of Law a comprehensive record of the time spent by trial counsel in prosecuting this case to a conclusion over a period of four years. Plaintiff estimates that 25% of those expenditures should be assigned to the wage claim. Plaintiffs Memorandum of Law at 6. Defendants counter that considering the factors identified as relevant when calculating fees under the Lodestar Theoiy, see Fontaine v. Ebtech Corp., 415 Mass. 309 (1993), such as length of the trial, difficulty of the legal and factual issues, degree of competence of counsel, nature of the case, time and labor required and results obtained that the award should be approximately 1/3 of the damage award. Based on my knowledge of the case and the skillful representation provided by plaintiffs counsel, I believe an appropriate and fair award of attorneys fees in connection with the successful wage claim under G.L.c. 149, §150 is 10% or $15,925. Accordingly, the judgment on count six should include an award of attorneys fees in the amount of $15,925.